UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cause Nos. 1:10-cr-00221-JMS-MJD-01 |
| | ) | 1:11-cr-00140-JMS-KPF |
| LORENZO LIPSCOMB, | ) | |
| Defendant. | ) | |

# ORDER

In 2011, Defendant Lorenzo Lipscomb pleaded guilty to conspiracy to defraud the U.S. Treasury and filing false claims with the IRS after he and his co-defendant sister summitted a series of tax returns to the IRS seeking approximately $609,000 in fraudulent refunds. [Cause No. 1:10-cr-0221-JMS-MJD-01, Filing No. 67.] Mr. Lipscomb and his sister were successful in causing the IRS to pay them approximately $95,036 as a result of the false returns. [Cause No. 1:10-cr-0221-JMS-MJD-01, Filing No. 66 at 5-6.] Mr. Lipscomb also pleaded guilty to two additional charges as part of this scheme, including one count of conspiracy to commit wire fraud and one count of aggravated identity theft. [Cause No. 1:10-cr-0221-JMS-MJD-01, Filing No. 67.]

In a different scheme, Mr. Lipscomb caused the Indiana Department of Workforce Development to pay him approximately $17,700 in unemployment benefits to which he was not entitled. [Cause No. 1:11-cr-0140-JMS-KPF, Filing No. 18 at 6.] Mr. Lipscomb pleaded guilty to one count of wire fraud. [Cause No. 1:11-cr-0140-JMS-KPF, Filing No. 11.] On October 31, 2011, Mr. Lipscomb was sentenced to 84 months' incarceration to be followed by a period of three years' supervised release for the IRS tax return scheme, [Cause No. 1:10-cr-0221-JMS-MJD-01, Filing No. 69 at 3-4], running concurrently with another 18 months' incarceration to be followed

by a period of three years' supervisory release for the unemployment benefit scheme. [Cause No. 1:11-cr-0140-JMS-KPF, Filing No. 20 at 3.] Mr. Lipscomb has a history of similar convictions, including two prior adult convictions for fraud offenses for which he served sentences of incarceration. [Cause No. 1:10-0221-JMS-MJD-01, Filing No. 111 at 3.] On July 29, 2019, after completing 28 months of his assigned 36 months of supervised release, Mr. Lipscomb filed a Motion for Early Termination of Supervised Release, [Cause No. 1:11-cr-0140-JMS-KPF, Filing No. 27], and that motion is now ripe for the Court's decision.

Mr. Lipscomb argues that, since beginning his supervised release on March 16, 2017, he has maintained housing and full-time employment, and has never been late nor missed any of his restitution payments. [Cause No. 1:11-cr-0140-JMS-KPF, Filing No. 27 at 1.] He states that he has complied with all the requirements of his supervised release, and that his life has changed for the better. [Cause No. 1:11-cr-0140-JMS-KPF, Filing No. 27 at 2.]

The United States Probation Office ("USPO") has no specific objection to Mr. Lipscomb being released from supervision, but suggests the Court consider his lengthy criminal history, which includes multiple prior offenses for fraud-related activities. [Cause No. 1:11-cr-0140-JMS-KPF, Filing No. 29.][1]

The Government opposes Mr. Lipscomb's motion, arguing that he has not articulated any new or unforeseen circumstances nor information regarding exceptionally good behavior. [Cause No. 1:10-0221-JMS-MJD-01, Filing No. 111 at 4-5.] The Government claims that Mr. Lipscomb's motion is insufficient to justify early termination of supervised release because simply abiding by the terms of the supervised release, refraining from criminal activity, and maintaining employment

---

[1] In many instances, the parties filed documents under both cause numbers. However, for ease of reference, the Court will refer to the filing number of only one of the cause numbers.

is the bare minimum required under a Court-ordered release. [Cause No. 1:10-0221-JMS-MJD-01, Filing No. 111 at 5.]

A court may, after considering the factors in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Because Mr. Lipscomb has served more than one year, he is eligible for early termination. The issue, therefore, is whether termination is warranted by the conduct of the defendant and is in the interest of justice.

Courts have broad discretion when deciding motions for early termination, provided that the court has shown its consideration of the factors under 18 U.S.C. § 3553(a)². *See U.S. v. Temple*, 464 Fed. Appx. 541, 544, 2012 WL 688260, at *3 (7th Cir. 2012). However, courts also caution that "the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination." *U.S. v. O'Hara*, 2011 WL 4356322, at *3 (E.D. Wis. Sep. 16, 2011). Courts expect compliance with rules as the default, and early termination is only granted in cases involving new or unforeseen circumstances, or where the defendant's behavior has been exceptionally good. *See, e.g., id.*; *U.S. v. Hicks*, No. 05-cr-40023, 2009 WL 1515203 (S.D. Ill. June 1, 2009); *U.S. v. Washington*, 2009 WL 482779 (E.D. Wis. Feb. 25, 2009).

---

² The factors include: (1) the nature and circumstances of the offense and characteristics of the defendant; (2) deterrence, protection of the public, and the need to provide the defendant with educational or vocational training, medical care, or other rehabilitation; (3) the sentence and applicable sentencing range; (4) any pertinent policy statement by the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The Court agrees with the Government that immediate termination of Mr. Lipscomb's release is not warranted at this time. While Mr. Lipscomb's stability and adherence to the terms of the supervised release are laudable, the Court cannot grant an early termination for mere compliance with the probationary terms. Mr. Lipscomb has failed to allege exceptionally good behavior or unforeseen circumstances that would make serving out the remainder of his sentence excessively burdensome.

Weighing the factors set forth in 18 U.S.C § 3553(a), the Court finds that Mr. Lipscomb's supervised release should not be terminated prior to its original termination date. Accordingly, the Court **DENIES** Mr. Lipscomb's Motion for Early Termination of Supervised Release. [27][3] [29][4] [110][5] The clerk is directed to docket this Order in cause numbers 1:10-cr-00221-JMS-MJD-01 and 1:11-cr-00140-JMS-KPF.

Date: 9/11/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Lorenzo Lipscomb
6717 Mill Creek Circle #934
Indianapolis, IN 46214

United States Probation Office

---

[3] Filed in 1:11-cr-00140-JMS-KPF.
[4] Filed in 1:11-cr-00140-JMS-KPF.
[5] Filed in 1:10-cr-00221-JMS-MJD.